Tatuoh, Judge,
 

 delivered the opinion of the Court:
 

 ' The testator’s intention appears to have been, that as his daughters attained the age of eighteen years or married, their shares of his estate, which, before those events happened, were contingent, should become absolute. A literal construction of the will would not effectuate this intention ,* for then, a dying under eighteen years of age, although the daughter was married, or a dying without marriage, although she had attained the age of eighteen years, would give her share over to the survivors. If the word
 
 or
 
 is construed copulatively, then the survivors can claim the share of the deceased only upon the event of her liaving died unmarried and under eighteen. But Mourning having reached the age of eighteen, and having also manned, there is not the least right in the Complainants. To shew- that the will ougi* to be thus construed, .the cases cited in the case of Dickenson and others
 
 v.
 
 Jordan and Blount, decided at this term, clearly prove. Another clause of the will provides, that in the event of the death of his daughters undér the age of
 
 *379
 
 eighteen years, or manage and having issue thereby, the estate shall go over to so pic oilier persons therein named. It is certainly a sound rule of construction, that every part of a will shall be taken into vjew, in order to ascertain the design of the maker; andthis clause seems to shew more clearly, that the intention of the testator would not be accomplished by adapting the construction contended for by the Complainants; for then the claim of the issue of a daughter dying under eighteen might have been defeated, which cannot be thought to have been wished or contemplated.by the testator, who has called distant relations into the sphere of his bounty, only upon a total failure of all those circumstances, upon the happening of which, he meant the shares of his daughters respectively to rest so as to become absolute.
 

 In borrowing light from the clause of the will, we must keep in mind this important fact, that the, same construction which would entitle the Complainants to their deceased sister’s share of the estate, must be equally operative to transfer their own shares to the ulterior legatees. The Court cannot now decree in favour of the Complainants, on the ground of Mourning having died without issue, and hereafter refuse to sustain a bill in favour of the rest of the legatees, in the event of the Complainants dying without issue. Moreover, if the Complainants had died under the age of eighteen years, leaving issue, the same construction must have taken the estate from that issue and given it to these distant relations, if they are relations at all; for it does not appear that more than two of them are connected with the testator. Upon the whole, the Court are of opinion, that the occurrence of either event, to wit, attaining the age of eighteen years, marriage and having issue thereby, was sufficient to vest the shares absolutely in the daughters ; and that consequently nothing short of the failure of all these events would vest the share of a deceased daughter in the survivors, or in the residuary legatees upon the death of the daughters. — Let the demurrer be sustained.